OPINION
Defendant-appellant David Norwood appeals from the judgment of the trial court which found him to be a sexual predator. On appeal, Norwood raises twelve (12) assignments of error, ten of which challenge the constitutionality of Ohio's sexual predator law. The first argument was addressed and rejected by the Ohio Supreme Court, State v. Cook (1998), 83 Ohio St.3d 404, and this court recently addressed and rejected nine others, State v. Ward
(Jan. 28, 1999), Cuyahoga App. No. 72371, unreported. We will therefore address only the third and twelfth assignments of error. For the reasons that follow, we find that the record does not provide clear and convincing evidence to support the sexual predator determination and vacate the judgment of the trial court.
Norwood's first assignment of error states as follows:
 I. H.B. 180, AS APPLIED TO APPELLANT, VIOLATES ART. I, SEC. 10, OF THE UNITED STATES CONSTITUTION AS EX POST FACTO LEGISLATION, AND VIOLATES ART. II, SEC. 28, OF THE OHIO CONSTITUTION AS RETROACTIVE LEGISLATION.
This argument was recently rejected by the Ohio Supreme Court in State v. Cook (1998), 83 Ohio St.3d 404. Accordingly, this assignment is overruled.
Assignments of error number two and four through eleven raise other constitutional arguments as follows:
 II. THE SEXUAL PREDATOR HEARING IN THE CASE AT BAR VIOLATED APPELLANT'S DUE PROCESS RIGHTS, GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTION, WHEN THE HEARING FAILED TO COMPORT WITH THE MANDATES OF H.B. 180 WHICH INCLUDE "WITNESSES," "EVIDENCE," AND THE "RIGHT TO CROSS-EXAMINE" THE EVIDENCE AGAINST APPELLANT.
 IV. APPLICATION OF H.B. 180 IN THE CASE AT BAR VIOLATES THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
 V. APPLICATION OF THE "CLEAR AND CONVINCING EVIDENCE" STANDARD IN APPELLANT'S H.B. 180 HEARING VIOLATES EQUAL PROTECTION, GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND DUE PROCESS, GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 VI. H.B. 180 IS VOID FOR VAGUENESS SINCE IT COMPELS A COURT TO MAKE A PREPONDERANCE DETERMINATION BASED UPON CLEAR AND CONVINCING EVIDENCE.
VII. H.B. 180 IS AN UNCONSTITUTIONAL BILL OF ATTAINDER.
 VIII. H.B. 180, AS APPLIED TO APPELLANT, CONSTITUTES DOUBLE JEOPARDY, IN VIOLATION OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10
OF THE OHIO CONSTITUTION.
 IX. THE PUBLIC NOTIFICATION PROVISIONS OF H.B. 180, AS APPLIED TO APPELLANT, VIOLATE APPELLANTS CONSTITUTIONAL RIGHT TO PRIVACY.
 X. H.B. 180, WITH ITS LEGISLATED STIGMA OF PUBLIC NOTIFICATION, CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT, IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. I, SEC. 9 OF THE OHIO CONSTITUTION.
 XI. APPLICATION OF H.B. 180 TO APPELLANT, WHO PLED NO CONTEST TO OFFENSES PRIOR TO THE EFFECTIVE DATE OF THIS LEGISLATION, VIOLATED APPELLANTS DUE PROCESS RIGHTS AND CRIM.R. 11, SINCE HE COULD NOT HAVE BEEN INFORMED OF THE REGISTRATION NOTIFICATION CONSEQUENCES OF HIS PLEA AT THE TIME OF HIS PLEA.
In State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported, this court, relying upon State v. Cook, supra,
rejected the identical argument raised in each one of these assignments. We agree with Ward's analysis of these issues and overrule the above nine assignments of error in the case at bar.
Norwood's third assignment of error states as follows:
 III. THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE "BY CLEAR AND CONVINCING EVIDENCE" THAT APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
This assignment of error contends that the trial court erred in adjudicating Norwood to be a sexual predator, because the record does not show by clear and convincing evidence that Norwood was "likely to engage in the future in one or more sexually oriented offenses" as required by R.C. 2950.01(E). We agree that the record does not support this element, so we sustain Norwood's third assignment of error.
The record in this case reflects that on February 12, 1986, Norwood entered pleas of guilty to one count of kidnaping, R.C.2905.01, and to one count of rape, R.C. 2907.02. On each count, Norwood was sentenced to a term of ten (10) years to twenty-five (25) years, including ten (10) years of actual time, with the sentences to run concurrently.
Pursuant to R.C. 2950.09(C)(1), the Ohio Department of Rehabilitation and Correction recommended on September 2, 1997, that Norwood be adjudicated as a sexual predator. In response, the trial court scheduled a hearing to determine whether Norwood should be adjudicated as a sexual predator, pursuant to R.C.2950.09(C)(2)
"Sexual predator" is defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). Rape, in violation of R.C. 2907.02, is a sexually oriented offense. R.C.2950.01(D)(1). Kidnaping, in violation of R.C. 2905.01, is a sexually oriented offense when the victim of the offense is under eighteen years of age. R.C. 2950.01(D)(2)(a). To determine whether Norwood is a sexual predator, R.C. 2950.09(C)(2) directs the trial court to consider all relevant factors, including, but not limited to, all the factors specified in R.C. 2950.09(B)(2).
In this case, the trial court considered a letter from the Court Psychiatric Clinic dated October 28, 1997. The court had previously referred Norwood to the clinic after Norwood requested that he be examined to obtain an evaluation of his likelihood for sexual recidivism. The examining psychologist's report is included in the record, but the record does not include the various sources used by the examining psychologist to render his opinion.
The trial court also considered its own appearance execution docket reflecting the history of this criminal case, which is a part of the record in this case. The court incorporated by reference the screening sheets prepared by the Ohio Department of Rehabilitation and Correction, which documents are also included in the record for this case.
Additionally, the trial court said it would "incorporate by reference" the presentence investigative report reportedly prepared in connection with this case, as well as a Court Psychiatric Clinic letter dated December 16, 1985, apparently prepared in connection with Norwood's underlying criminal case. Neither report, however, was made a part of this record.
From the record, we learn that Norwood's offenses occurred on or about October 4, 1985. Norwood, then about age twenty-three, was at his mother's house with other relatives and had been drinking alcohol. The five-year-old victim lived next door with her mother.
Norwood told the victim's mother that he was going to take the victim and two other children to buy some candy to eat. Norwood admits that it was his intention to rape the victim when he asked her mother's permission to take the children for candy and that he was not merely overcome by this thought while on the way to a store. Norwood took the children to his apartment and raped the victim while the other children were in another room. He attempted to penetrate the victim with his penis.
Following the rape, Norwood dressed the victim, washed her, and took her home. He states that the other children were unaware of what had occurred. Norwood reports that after returning the victim to her mother, Norwood went to a cousin's house, called the police, and turned himself in.
On the operative issue of whether Norwood was likely to engage in the future in one or more sexually oriented offenses, the court psychologist who examined and tested Norwood for this proceeding reported that he was unable to offer any opinion on that question with a reasonable degree of psychological certainty. The psychologist could not even say that Norwood established the relationship with this victim specifically for sexual purposes.
After examining Norwood, the psychologist noted the absence of several significant risk factors. In particular, Norwood had no apparent history of sexual offenses and the instant offense was his first arrest and conviction for a sexual offense. The court psychologist observed that Norwood's offense was not ritualistic or bizarre in nature and did not involve multiple victims. The psychologist also noted the apparent absence of multiple paraphilias such as deviant sexual behaviors, urges, or fantasies.
In addition, Norwood demonstrated that he was not in denial of his offense. In fact, he reported himself to the police immediately after committing the offense. The court psychologist noted Norwood's acknowledgment of the psychological impact his offense had and will likely continue to have on the victim. And rather than refuse treatment for himself, Norwood had participated in various treatment, rehabilitative, and education programs while incarcerated, including a three-year sex offender treatment program as well as other programs that related to sexual conduct, victim impact, and substance abuse. Norwood also reported a willingness to continue with further treatment.
The court psychologist reported that Norwood had no history and did not report or currently present with symptoms consistent with a severe mental illness. We also note that nothing in the record suggests that Norwood used drugs or alcohol to impair the victim or to prevent her from resisting. There is no indication in the record that Norwood displayed or threatened cruelty.
At the same time, the court psychologist did find that Norwood had several risk factors for sexual recidivism, which the trial court credited. Several of those risk factors related only to the underlying offense, for example, that the offenses were committed against a defenseless and vulnerable five-year-old girl and that Norwood used manipulation and enticement to lure the victim by representing that he would buy her candy. But as we previously noted, the court psychologist still could not say that Norwood established a relationship with the victim specifically for sexual purposes.
Other risk factors included that Norwood had an extensive but remote history of substance abuse and was intoxicated at the time of these offenses. His history had demonstrated a pattern of behaving impulsively when encountering stressful situations. Norwood's reported history of depression and current intelligence level were also considered as risk factors.
While Norwood had a prior record, he had no history of sexual offenses other than those for which he was convicted in this case.[1] Norwood reported limited experience or involvement in stable heterosexual relationships. Because of inadequate information, the psychologist could not say whether Norwood established a relationship with the victim in this case specifically for sexual purposes and could not assess the nature and range of Norwood's support system outside prison, but nevertheless included these as additional risk factors. The psychologist ultimately concluded that Norwood "continues to present with several risk factors for sexual recidivism and these should be addressed and treated accordingly, regardless of the disposition of his case." But he could not offer an opinion on whether Norwood was a sexual predator.
These risk factors, two of which were based on inadequate information, do not provide clear and convincing evidence that Norwood is "likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). Nor do we find the necessary evidence elsewhere.
We have no doubt that there may be times when the circumstances of an underlying sexually oriented offense may tend to suggest that the offender is likely to commit such offenses in the future. But while the evidence in this case shows that Norwood committed sexually oriented offenses on one occasion, it does not necessarily establish by clear and convincing evidence that Norwood is, more likely than not, predisposed to commit another sexually oriented offense. See State v. Ward, supra, at p. 13. As this court said in Ward:
 [S]imply committing a single sexually oriented offense is not proof, without further evidence or other compelling facts, that the offender is "likely to engage in the future in one or more sexually oriented offenses." Had the legislature intended [that result], it would have done away with the hearing and weighing of evidence and simply classified any person committing a sexually oriented offense as a sexual predator.
Ward, at p. 12. Moreover, "the statute is not "one strike and you're out." Id.
To meet the minimum requirements of R.C. 2950.01(E), the state must present clear and convincing evidence that Norwood was likely to engage in the future in one or more sexually oriented offenses. The record here does not meet that standard. Accordingly, the trial court's adjudication of Norwood as a sexual predator is hereby vacated.
The third assignment of error is well taken.
Norwood's twelfth assignment of error states as follows:
 XII. THE TRIAL COURT ERRED IN IMPOSING REGISTRATION REQUIREMENTS UPON APPELLANT, SINCE APPELLANT WAS SENTENCED PRIOR TO THE EFFECTIVE DATE OF R.C. 2950.04, WHICH PROVIDES FOR THE MANNER OF OFFENDER REGISTRATION.
Norwood argues that he should not be required to register because he was sentenced prior to the July 1, 1997 effective date of R.C. 2950.04. We do not agree.
Norwood's duty to register is governed by R.C. 2950.04(A)(1), which states in part:
(A) Each offender who is convicted of or pleads guilty to, or has been convicted of or pleaded guilty to, a sexually oriented offense and who is described in division (A)(1), (2), or (3) of this section shall register at the following time and with the following official:
 (1) Regardless of when the sexually oriented offense was committed, if the offender is sentenced for the sexually oriented offense to a prison term, a term of imprisonment, or any other type of confinement and if, on or after the effective date of this section, the offender is released in any manner from the prison term, term of imprisonment, or confinement, within seven days of the offenders coming into any county in which the offender resides or temporarily is domiciled for more than seven days, the offender shall register with the sheriff of that county.
Norwood was sentenced for the sexually oriented offenses prior to the effective date of this statute, but he would not be eligible for release until after the effective date. His duty to register is determined by R.C. 2950.04(A)(1). Norwood has not identified any legal error in requiring him to register under R.C. 2950.04(A)(1)
Norwood's reliance on State v. Hooks (Dec. 18, 1997), Cuyahoga App. No. 72780, unreported, is misplaced. In that case, the court held that the defendant was not required to register under R.C.2950.04(A)(2), because that provision applied only when the offender was sentenced for a sexually oriented offense after the July 1, 1997 effective date of the statute. The defendant in Hooks had been sentenced prior to the July 1, 1997 effective date of that statute, so R.C. 2950.04(A)(2) was inapplicable.
In the instant case by contrast, Norwood was sentenced under R.C. 2950.04(A)(1), which is a different subsection. Subsection (A)(1) controls cases in which the sentencing occurred prior to July 1, 1997, as in the case at bar.
Norwood's twelfth assignment of error is without merit.
Because we find merit in Norwood's third assignment of error, we vacate the adjudication of Norwood as a sexual predator.
Judgment vacated.
This cause is vacated.
It is, therefore, ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, JUDGE
JAMES M. PORTER. AJ., and
ANNE L. KILBANE. J., CONCUR.
[1] Norwood's prior criminal record consisted of a September 1982 conviction for breaking and entering, and a March 1983 conviction for aggravated burglary. Prior trespassing and theft charges were not pursued. Norwood's prior criminal record does not appear to involve any sexual offenses other than those for which he was convicted in this case.